## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KENNETH GREEN,

        Petitioner,

v.                              No. 2:09-CV-13412

MICHAEL CURLEY,

        Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
### AND DENYING A CERTIFICATE OF APPEALABILITY

Michigan prisoner Kenneth Green ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted for third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d, following a jury trial in the Livingston County Circuit Court in 2007, and was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to five to 30 years imprisonment. In his petition, as amended, he raises claims concerning the admission of prior convictions, the admission of other acts evidence, his habitual offender enhancement, the scoring of an offense variable under the state sentencing guidelines, and the constitutionality of his sentence. Respondent has filed an answer to the petition contending that it should be denied. For the reasons stated herein, the court concludes that the petition lacks merit and must be denied and that a certificate of appealability must also be denied.

## I.  BACKGROUND

Petitioner's conviction arises from the sexual assault of a 42 year-old woman at a home in Putnam Township, Michigan, on November 8, 2006.  Petitioner was charged with two counts of first-degree criminal sexual conduct, but only convicted of one count of the lesser offense of third-degree criminal sexual conduct.  The Michigan Court of Appeals described the relevant facts as follows:

> On November 8, 2006, defendant sexually assaulted "RW" at Jason Churches's home in Putnam Township. The record reflects that, on the night of the assault, RW used cocaine with defendant and Churches. After Churches went to bed, defendant pulled RW toward him on a pullout sofa bed. RW testified that she was scared and confused because she had known defendant for 21 years and had never had a romantic relationship with him. Defendant started to kiss RW and he held RW down as she tried to protest and pull away. Thereafter, he pulled RW's leg out of her pajamas, held her down with his hand on her throat, and engaged in intercourse with her. After defendant ejaculated, RW went into the bathroom. When she returned, she and defendant snorted another line of cocaine and defendant again forced her to engage in sexual intercourse. At trial, defendant maintained that RW consented to the intercourse. The jury acquitted defendant of one count of first-degree criminal sexual conduct, MCL 750.520b, but convicted him of the lesser offense of third-degree criminal sexual conduct on the remaining first-degree criminal sexual conduct charge.

*People v. Green*, No. 279327, 2008 WL 5273516, *1 (Mich. Ct. App. Dec. 18, 2008).

The trial court subsequently conducted a sentencing hearing and sentenced Petitioner to a term of five to 30 years imprisonment.

Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the following claims:

I.      The trial court unlawfully deprived him of his due process, equal protection, and other protected rights to a fair trial guaranteed under the United States and Michigan Constitutions when it improperly permitted certain criminal convictions to be used as impeachment evidence against him and witness Jason Churches.

2

II.     The trial court unlawfully deprived him of his due process, equal
        protection and other protected rights to a fair trial guaranteed under
        the United States and Michigan Constitutions when it improperly
        permitted prior bad act(s) to be admitted into evidence.

III.    The trial court unlawfully deprived him of his due process, equal
        protection and other protected rights to a fair trial guaranteed under
        the United States and Michigan Constitutions when it illegally
        sentenced him under a habitual offender 4th supplement.

IV.     The trial court unlawfully deprived him of his due process, equal
        protection and other protected rights to a fair trial guaranteed under
        the United States and Michigan Constitutions when it scored 10
        points on OV-4.

V.      The trial court unlawfully deprived him of his due process, equal
        protection and other protected rights to a fair trial guaranteed under
        the United States and Michigan Constitutions in sentencing him to a
        prison term of 5-30 years on a habitual offender 4th supplemental
        arising out of the CSC 3 conviction.

*See Green*, 2008 WL 5273516.  The Michigan Court of Appeals affirmed Petitioner's

conviction and sentence, but remanded the case to the trial court for a correction of the

judgment of sentence to reflect that he was sentenced as a third habitual offender not a

fourth habitual offender.  *Id.* at *4.  Petitioner then filed an application for leave to appeal

with the Michigan Supreme Court raising the same five claims, as well as an additional

sixth claim:

VI.     Under the rules of strict statutory construction, CSC 3rd degree
        (multiple variables) is not a criminal offense defined within MCL
        750d; MSA 28.788(4) thus his conviction must be vacated because
        the State does not have a legitimate interest in securing a
        conviction of a fictional crime.

The Michigan Supreme Court denied leave to appeal in a standard order.  *People v.*

*Green*, 766 N.W.2d 835 (2009).

        Petitioner thereafter filed a federal habeas petition with this court raising the

3

same six claims presented to the Michigan Supreme Court on direct appeal of his

conviction.  Respondent moved to dismiss the petition on exhaustion grounds.  The

court granted that motion and dismissed the petition without prejudice.  (05/21/2010

Order.)  Petitioner moved to re-open the case and proceed on an amended petition

containing his first five exhausted habeas claims and omitting his sixth unexhausted

habeas claim.  The court granted that motion and re-opened the case.  (*See* 06/28/2010

Order.)  Respondent has since filed an answer to the amended petition contending that

it should be denied because the claims are not cognizable, are barred by procedural

default, and/or lack merit.

## II.  STANDARD

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect
to any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law,
        as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in
        the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts

a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*,

540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. The state court's decision must have been more than incorrect or erroneous. It must have been "objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme

5

Court.  *Id.*  Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412;  *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785.  Furthermore, it "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's ruling.  *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

6

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

### III.  DISCUSSION

#### A.  Evidentiary Claims

Petitioner asserts that he is entitled to habeas relief because the trial court erred in admitting prior convictions for impeachment purposes and erred in admitting "other acts" evidence of prior physical abuse. Respondent contends that these claims present state law issues which are not cognizable upon federal habeas review, that they are barred by procedural default, and/or that they lack merit.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Serra v. Michigan Dep't of Corrs.*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Accordingly, to the

7

extent that Petitioner asserts that the trial court erred in admitting testimony under the Michigan Rules of Evidence, he merely alleges violations of state law which do not entitle him to federal habeas relief.  *See Wheeler v. Jones*, 59 F. App'x 23, 28 (6th Cir. 2003); *see also Bey*, 500 F.3d at 519.  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

### 1.  Admission of Prior Convictions

Petitioner first asserts that the trial court erred by allowing his prior convictions and those of defense witness Jason Churches to be admitted into evidence for impeachment purposes.  The Michigan Court of Appeals denied relief on this claim, finding that the claim was waived because Petitioner and witness Jason Churches both testified about their convictions on direct examination.  The court further determined that the claim lacked merit because the convictions were properly admitted under Michigan Court Rule 609(a).  *See Green*, 2008 WL 5273516 at *2.  That decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.

Petitioner and Churches both testified about their prior convictions on direct examination by defense counsel.  The Supreme Court has held that a defendant who introduces evidence of a prior conviction in an effort to remove the "sting" of the prosecution doing so, forgoes the right to appeal the trial court's decision to admit such a conviction into evidence, even if the defendant properly objected to the trial court's ruling.  *See Ohler v. United States*, 529 U.S. 753, 758 (2000).  The Court explained that "once the defendant testifies, she is subject to cross-examination, including

8

impeachment by prior convictions" like any other witness. *Id.* at 757. The Court further held that the possibility that the prospect of impeachment might deter a defendant (or a witness) from testifying is not an unconstitutional burden on the right to testify. *Id.* at 759. *Ohler* thus precludes Petitioner's claim.

Moreover, even if *Ohler* did not apply, the court would nonetheless deny relief on this claim. As explained by the Michigan Court of Appeals, both Petitioner's and Churches's prior convictions were admissible under the Michigan Rule of Evidence 609(a). Petitioner has failed to establish that their use for impeachment purposes was improper or otherwise rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

### 2. Admission of Other Acts Evidence

Petitioner next asserts that the trial court erred in admitting other acts evidence of his physical abuse of another woman in 1995. The Michigan Court of Appeals denied relief on this claim, finding that Petitioner did not timely object to the introduction of the evidence and concluding that the evidence was properly admitted under state law because it was relevant to explain why the victim did not yell for help during the sexual assault, was probative of the victim's credibility, and any unfair prejudice did not outweigh its probative value. *See Green*, 2008 WL 5273516 at *3. The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.

First, as to the admission of prior acts, the Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental concepts of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53

9

(1990).[1]  Thus, there is "no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."  *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003).  Consequently, there is no Supreme Court precedent that the state court rulings could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1).  *Id.* at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003).  Petitioner has thus failed to state a claim upon which habeas relief may be granted as to this issue.

Second, even if Petitioner states a cognizable claim, he is not entitled to relief. Petitioner has not shown that the disputed evidence rendered his trial fundamentally unfair.  As explained by the Michigan Court of Appeals in reviewing this issue under state law, the evidence regarding the physical abuse of the other woman in 1995 was relevant for assessing the victim's credibility and determining whether the crime occurred.  *See Green*, 2008 WL 5273516 at *3.  Petitioner has not shown that the admission of the evidence was erroneous or, more importantly, that it rendered his trial fundamentally unfair.  Habeas relief is not warranted on this claim.

### B.  Sentencing Claims

Petitioner asserts that he is entitled to habeas relief because his habitual offender sentence of five to 30 years imprisonment on his third-degree criminal sexual

---

[1]While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

10

conduct conviction is invalid and unconstitutional.  Respondent contends that these claims are moot, not cognizable, barred by procedural default, and/or lack merit.

As an initial matter, the court notes that Petitioner's sentence of five to 30 years imprisonment is within the statutory maximum for his offense and habitual offender status. *See* Mich. Comp. Laws §§ 750.520d, 769.11.  A sentence within the statutory limit is generally not subject to federal habeas review.  *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner makes no such showing.

### 1.  Habitual Offender Enhancement

Petitioner first asserts that the trial court erred in sentencing him as a fourth habitual offender.  The Michigan Court of Appeals denied relief on this claim, finding that "the record reflects that the trial court actually sentenced defendant as a third habitual offender," and remanded the case to the trial court for the limited purpose of correcting the judgment of sentence to show that Petitioner was sentenced as a third habitual offender. *See Green*, 2008 WL 5273516 at *4.  That decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts.  Petitioner's claim is belied by the record—he was, in fact, sentenced as third habitual offender.  Moreover, to the extent that the judgment of sentence was wrong, it has been corrected as ordered by the Michigan Court of Appeals.  *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"),

11

http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=298790 (showing third habitual offender sentence). Petitioner's claim is therefore moot. There is no further relief that can be granted by this court. Habeas relief is not warranted.

### 2. Scoring of Sentencing Guidelines

Petitioner next asserts that the trial court erred in scoring 10 points for Offense Variable 4 (psychological injury to the victim) of the state sentencing guidelines. The Michigan Court of Appeals denied relief on this claim, finding that Petitioner failed to properly preserve the issue and that his argument nonetheless lacked merit because Offense Variable 4 was properly scored at 10 points based upon the victim's testimony of her psychological injury and treatment. *See Green*, 2008 WL 5273516 at *4. That decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. As noted, Petitioner's sentence is within the statutory maximum and he has not shown that it exceeds the statutory limits or is wholly unauthorized by law.

Petitioner's claim that the trial court erred in scoring Offense Variable 4 of the state sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *Austin v. Jackson*, 231 F.3d 298, 302 (6th Cir. 2000); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Haskell v. Berghuis*, 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). As noted, habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68; *see also Bradshaw*, 546 U.S. at 76; *Lewis*, 497 U.S. at 780; *Sanford*, 288 F.3d at 860. Furthermore, even if the court were to reach the merits of this

12

issue, the court would agree with the Michigan Court of Appeals that the trial court properly scored Offense Variable 4 based upon the victim's testimony. Habeas relief is not warranted on this claim.

Petitioner also asserts that the trial court erred by relying upon facts neither admitted by him nor proven beyond a reasonable doubt in imposing his sentence. The Michigan Court of Appeals denied relief on this claim, finding that his argument was foreclosed by Michigan Supreme Court cases which held that the United States Supreme Court cases relevant to this issue, such as *Blakely v. Washington*, 542 U.S. 296 (2004), do not apply to Michigan's intermediate sentencing scheme. *See Green*, 2008 WL 5273516 at *4 n.3 (citing cases). The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The Sixth Circuit has held that Michigan's sentencing guidelines do not violate the Sixth Amendment because they set a minimum sentence range while the maximum is set by statute. *See Montes v. Trombley*, 599 F.3d 490, 494–98 (6th Cir. 2010); *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009); *see also People v. Drohan*, 715 N.W.2d 778, 790 (Mich. 2006). This court is bound by the Sixth Circuit's decisions. Because Petitioner's sentence is within the statutory maximum, which was not enhanced by judicial fact-finding, no Sixth Amendment or due process violation occurred. Habeas relief is not warranted on his claim.

### 3. Constitutionality of Sentence

Petitioner also asserts that his sentence is excessive, disproportionate, and based upon inaccurate information. The Michigan Court of Appeals denied relief on this

13

claim, finding that it was not properly preserved and finding that Petitioner's sentence is presumptively proportionate and not cruel or unusual punishment. *See Green*, 2008 WL 5273516 at 4, n.4. The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof. To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin*, 213 F.3d at 300. Moreover, there is no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Petitioner also cannot prevail on his claim that his sentence was based upon incomplete or inaccurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (citations omitted) (stating a defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, a petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has not done so. The state trial court considered the nature of the crime, the pre-sentence report, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports and the scoring of the guidelines. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted on this claim.

14

Lastly, Petitioner is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). Petitioner's sentence is within the statutory maximum. The state trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

## IV.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason

15

would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85. Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. This court finds that reasonable jurists would not debate its assessment of Petitioner's constitutional claims and declines to issue a COA.

## V. CONCLUSION

IT IS ORDERED that Petitioner's petition for a writ of habeas corpus [Dkt. # 1] is DENIED.

Further, the court DECLINES to issue a certificate of appealability.

       s/Robert H. Cleland               
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2011, by electronic and/or ordinary mail.

       s/Lisa Wagner                  
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-13412.GREEN.Deny.2254.ctb.wpd